IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Criminal Action No. |
| v. | ) | 09-00371-01-CR-W-DGK |
| | ) | |
| CARL E. LUCAS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION TO DENY
DEFENDANT'S MOTION TO DISMISS**

Before the court is Defendant's Motion to Dismiss Indictment (Doc. No. 24). Defendant moves the court to dismiss the Indictment against him on grounds that: (1) he did not receive notice of his duty to register and any resulting punishments would violate the Ex Post Facto clause; (2) Congress improperly delegated the legislative function of determining the retroactivity of the Sex Offender Registration and Notification Act ("SORNA") to the Attorney General; (3) the Attorney General's regulation, 28 C.F.R. § 72.3, violates the Administrative Procedure Act; and (4) 18 U.S.C. § 2250(a)(2)(B) violates the Commerce Clause. For the following reasons, Defendant's motion should be denied.

**I. BACKGROUND**

On June 4, 1982, Defendant was sentenced to sixteen years imprisonment in Kane County, Illinois for rape, deviate sexual assault, armed robbery and aggravated battery. He was initially paroled in January of 1994, but returned to custody in 1995 on a new robbery conviction. On May 11, 2006, Defendant was paroled from the Illinois Department of Corrections to the State of Kansas

for parole supervision. When doing so, Defendant signed an Illinois Sex Offender Registration Act Notification Form acknowledging his duty to register and listing his address as 1538 Cleveland Avenue, Kansas City, Kansas. Defendant was discharged from parole on June 11, 2008.

After his release from the Illinois Department of Corrections, Defendant registered on seven occasions in Wyandotte County, Kansas.[1] On each occasion, he certified that his residence was in Kansas City, Kansas. Defendant initially registered as a sex offender in Jackson County, Missouri, on December 27, 2007. He certified that his employment was in Raytown, Missouri, and that his residence was in Kansas City, Kansas. On March 10, 2008, Defendant called the Jackson County Sheriff's Office and reported that he was no longer working in Missouri; the Jackson County authorities, therefore, inactivated his file.

On December 2, 2009, an one-count Indictment was filed in the Western District of Missouri charging Defendant with knowingly failing to update registration as required by SORNA, in violation of 18 U.S.C. § 2250(a). The Indictment alleges that between on or about July 1, 2009 through December 1, 2009, Defendant knowingly failed to update his registration.

Defendant does not deny that during parts of the period charged in the Indictment (July - December of 2009), he was residing with a brother in Jackson County, Missouri, and had last registered in Missouri on March 10, 2008.

On March 18, 2010, Defendant filed the instant motion to dismiss (Doc. No. 24). The government filed its response on April 6, 2010 (Doc. No. 29). On April 12, 2010, the parties filed

---

[1] Defendant registered in Wyandotte County, Kansas, on the following dates: June 1, 2006; July 9, 2007; October 15, 2007; June 2, 2008; October 6, 2008; April 7, 2009; and November 12, 2009.

stipulated facts (Doc. No. 36).

## II. LEGAL ANALYSIS

Defendant acknowledges that the issues presented in this motion to dismiss have been predominately foreclosed by the Eighth Circuit's rulings in United States v. Howell, 552 F.3d 709 (8th Cir. 2009), United States v. Zuniga, 579 F.3d 845 (8th Cir. 2009), and United States v. May, 535 F.3d 912 (8th Cir. 2008). However, Defendant believes the cases were decided incorrectly and wishes to preserve the issues raised in his motion to dismiss for appellate review.

Defendant is charged with one count of failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Section 2250(a)(3) provides that whoever "knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification . . . shall be fined under this title or imprisoned not more than 10 years, or both." SORNA is codified at 42 U.S.C. §§ 16911-16916. Section 16913 sets forth the registry requirements for sex offenders and provides, in pertinent part:

> (a)    In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b)    Initial registration
>
> The sex offender shall initially register - -
>     (1)    before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>     (2)    not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

> (c) Keeping the registration current
>
> A sex offender shall, no later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
>
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

On February 28, 2007, the Attorney General issued an interim regulation declaring SORNA to be retroactively applicable to those convicted before the Act was passed. 28 C.F.R. § 72.3.

**A. Notice of Duty to Resister**

Defendant contends that he had no duty to register under SORNA because the Government failed to notify him of the Act's requirements. Specifically, Defendant maintains that the absence of such notification violates his due process rights. Defendant further maintains that punishing him for failing to register under SORNA would violate the Ex Post Facto clause of the Constitution.

Defendant argues the Indictment should be dismissed because the Government did not notify him of SORNA's requirements and that notice of Missouri's registration requirements does not substitute for notice under SORNA. This argument has already been decided by the Eighth Circuit in United States v. May. In May, the Court held that the notice of duty to register under state law provided sufficient notice of the duty to register under SORNA. 535 F.3d at 921; see also United

States v. Baccam, 562 F.3d 1197, 1199-1200 (8th Cir. 2009); United States v. Foster, 354 Fed. Appx. 278, 281 (8th Cir. 2009); United States v. Garcia, No. 4:08CR3164, 2009 WL 962252, at *5 (D. Neb. April 7, 2009). Here, Defendant signed an Illinois Sex Offender Registration Act Notification Form on May 11, 2006, wherein he acknowledged his duty to register. He later registered in Kansas and Missouri, thereby demonstrating knowledge that he was required to register and keep his registration current.

Additionally, Defendant argues that punishing him for failing to register under SORNA would violate the Ex Post Facto clause of the Constitution. The Eighth Circuit has also rejected this argument. Zuniga, 579 F.3d at 849-50; May, 535 F.3d at 919-20; Foster, 354 Fed. Appx. at 281; United States v. Adams, No. 4:09CR128-DJS, 2009 WL 302217, at *1 (E.D. Mo. Sept. 16, 2009). As stated in May, "Section 2250 punishes an individual for traveling in interstate commerce and failing to register. The statute does not punish an individual for previously being convicted of a sex crime." 535 F.3d at 920. The stipulated facts in this case establish that Defendant both traveled in interstate commerce and failed to update his registration after the enactment of SORNA. I, therefore, recommend that the Court deny Defendant's motion to dismiss on this ground.

**B.     Delegation to the Attorney General**

Defendant contends that 42 U.S.C. § 16913(d), which allows the Attorney General to make SORNA retroactive, violates the non-delegation doctrine. As set forth above, subsection (d) deals with the "initial registration of sex offenders unable to comply with subsection (b))"; subsection (b) contains the requirements for a sex offender's initial registration.

Section 16913(d) only pertains to initial registration. As stated by the Eighth Circuit, the

5

May Court construed "subsection (d)'s 'unable to comply' language as not applying to . . . [sex offenders] who had already registered through a state sex-offender-registration program (but not with SORNA's system)." United States v. Hacker, 565 F.3d 522, (8th Cir. 2009)(citing May, 535 F.3d at 921); see also Zuniga, 579 F.3d at 850-51; Foster, 354 Fed. Appx. at 281; Garcia, 2009 WL 962252 at *4.

The stipulated facts of this case demonstrate Defendant was convicted of sex crimes on June 4, 1982. He was paroled on May 11, 2006, and registered in Kansas on June 1, 2006. SORNA was enacted on July 27, 2006. Because Defendant first registered prior to SORNA's enactment, subsection (d) does not apply to him and he does not have standing to assert a challenge. Defendant's motion to dismiss should be denied on this ground.

### C. Administrative Procedure Act

Defendant also contends that the Attorney General's February 28, 2007, regulation violates the Administrative Procedure Act because it was promulgated without notice and consent. As stated above, Defendant lacks standing to challenge §16913(d) as a violation of the non-delegation doctrine. For the same reasons, Defendant does not have standing to challenge the regulation under the Administrative Procedure Act. Hacker, 565 F.3d at 528; Zuniga, 579 F.3d at 851 n.5; Foster, 354 Fed. Appx. at 281. Defendant's motion to dismiss should be denied.

### D. Commerce Clause

Lastly, Defendant maintains that 18 U.S.C. § 2250(a)(2)(B) violates the Commerce Clause because any failure to register is "purely a local act." The Eighth Circuit has previously held 18 U.S.C. § 2250 does not violate the Commerce Clause. In May, the Court held that "SORNA

contains a sufficient nexus to interstate commerce." 535 F.3d at 922.  See also Hacker, 565 F.3d at 525; Howell, 552 F.3d at 713; Zuniga, 579 F.3d at 850; United States v. James, 329 Fed. Appx. 39, 39-40 (8th Cir. 2009); Foster, 354 Fed. Appx. at 281; United States v. Smith, 535 F.3d 912, 921-22 (8th Cir. 2008).  Defendant's motion should accordingly be denied.

### III.  CONCLUSION

Based on the above, it is

RECOMMENDED that the court, after making an independent review of the record and applicable law, enter an order denying Defendant's motion to dismiss.

Counsel are advised that, pursuant to 28 U.S.C. § 636(b)(1), each has fourteen days from the date of this report and recommendation to file and serve specific objections, unless an extension of time for good cause is obtained.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
April 27, 2010