IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CARL E. LUCAS, )<br>)<br>Defendant. ) | Criminal Action No.<br>09-00371-01-CR-W-DGK |

## REPORT AND RECOMMENDATION TO DENY
## DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the court is a motion to dismiss the indictment (Doc. No. 24 & 74). Defendant moves the court to dismiss the Indictment against him on grounds that: (1) he did not receive notice of his duty to register and any resulting punishments would violate the Ex Post Facto clause; (2) Congress improperly delegated the legislative function of determining the retroactivity of the Sex Offender Registration and Notification Act ("SORNA") to the Attorney General; (3) the Attorney General's regulation, 28 C.F.R. § 72.3, violates the Administrative Procedure Act ; (4) 18 U.S.C. § 2250(a)(2)(B) violates the Commerce Clause; and (5) the retroactive registration rules were not effective until January 28, 2011 and thus did not apply to Defendant at the time of his alleged offense. For the following reasons, Defendant's motion should be denied.

I. BACKGROUND

On June 4, 1982, Defendant was sentenced to sixteen years imprisonment in Kane County, Illinois for rape, deviate sexual assault, armed robbery and aggravated battery. He was initially paroled in January of 1994, but returned to custody in 1995 on a new robbery conviction. On May 11, 2006, Defendant was paroled from the Illinois Department of Corrections to the State of Kansas for parole supervision. When doing so, Defendant signed an

1

Illinois Sex Offender Registration Act Notification Form acknowledging his duty to register and listing his address as 1538 Cleveland Avenue, Kansas City, Kansas. Defendant was discharged from parole on June 11, 2008.

After his release from the Illinois Department of Corrections, Defendant registered on seven occasions in Wyandotte County, Kansas.[1] On each occasion, he certified that his residence was in Kansas City, Kansas. Defendant initially registered as a sex offender in Jackson County, Missouri, on December 27, 2007. He certified that his employment was in Raytown, Missouri, and that his residence was in Kansas City, Kansas. On March 10, 2008, Defendant called the Jackson County Sheriff's Office and reported that he was no longer working in Missouri; the Jackson County authorities, therefore, inactivated his file.

On December 2, 2009, an one-count Indictment was filed in the Western District of Missouri charging Defendant with knowingly failing to update registration as required by SORNA, in violation of 18 U.S.C. § 2250(a).

Defendant does not deny that during parts of the period charged in the Indictment (July 1, 2009 - December 1, 2009), he was residing with a brother in Jackson County, Missouri, and had last registered in Missouri on March 10, 2008.

On March 18, 2010, Defendant filed his initial motion to dismiss (Doc. No. 24). The government filed its response on April 6, 2010 (Doc. No. 29). On April 12, 2010, the parties filed stipulated facts (Doc. No. 36).

On April 28, 2010, I submitted a Report and Recommendation to the Honorable David Gregory Kays, United States District Judge for the Western District of Missouri, recommending that Defendant's motion to dismiss be denied on all grounds (Doc. No. 38). On May 18, 2010, Judge Kays adopted the Report and Recommendation and denied Defendant's motion to dismiss (Doc. No. 41).

---

[1] Defendant registered in Wyandotte County, Kansas, on the following dates: June 1, 2006; July 9, 2007; October 15, 2007; June 2, 2008; October 6, 2008; April 7, 2009; and November 12, 2009.

2

On May 25, 2010, Defendant entered a conditional guilty plea, preserving his right to bring an appeal on the issues raised in his motion to dismiss (Doc. No. 44). On October 15, 2010, Judge Kays entered Judgment against Defendant, finding him guilty of violating 18 U.S.C. 2250(a) and imposing sentence (Doc. No. 49).

On October 28, 2010, Defendant filed Notice of Appeal with the United States Court of Appeals for the Eighth Circuit (Doc. No. 50). On June 21, 2011, the Eighth Circuit affirmed the district court's decision and rejected each of Defendant's arguments from his motion to dismiss (Doc. No. 57). On July 21, 2011, the Eighth Circuit issued the formal mandate in the matter (Doc. No. 58).

On March 29, 2012, the Eighth Circuit entered an order vacating its June 21, 2011 judgment, recalling the mandate, and reopening the case (Doc. No. 59). On March 30, 2012, the Eighth Circuit entered Judgment vacating its June 21, 2011 opinion and remanding the case to the district court for further proceedings consistent with Reynolds v. United States, 565 U.S. _, 132 S.C. 975 (2012) (Doc. No. 60). On April 20, 2012, the Eighth Circuit issued the formal mandate in the matter (Doc. No. 60).

On July 3, 2012, Defendant filed a supplemental motion to dismiss asking the court to dismiss the indictment based on this issues raised in his March 18, 2010 Motion to Dismiss and also on the additional argument that SORNA's retroactive registration rules were not effective until January 28, 2011 and thus not effective at the time of Defendant's alleged violation in 2009 (Doc. No. 74). On July 18, 2012, the government filed its response (Doc. No. 76) (correcting an error in its response filed July 13, 2012 (Doc. No. 75)).

II.     STATUTE

Defendant was charged under Title 18 United States Code Section 2250(a) which states in relevant part as follows:

(a) In general.--Whoever--

3

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

## III. THE INDICTMENT

The indictment reads as follows:

Failure to Register as a Sex Offender
Beginning at a date uncertain, but on or about July 1, 2009 and continuing through December 1, 2009, in the Western District of Missouri and elsewhere, Carl E. Lucas, defendant herein, a person required to register under the Sex Offender Registration and Notification Act, and a sex offender by reason of convictions under the law of Illinois, traveled in interstate commerce, and did knowingly fail to update his registration; in violation of Title 18, United States Code, Section 2250(a).

## IV. LEGAL ANALYSIS

Reynolds v. United States addressed the circuit split over whether SORNA's "registration requirements appl[ied] to pre-Act offenders prior to the time that the Attorney General specifie[d] their applicability." 132 S.Ct. 975, 980 (2012). Six circuits had held that SORNA's registration requirements did not take effect until the Attorney General specified. Id. (citing United States v. Johnson, 632 F.3d 912, 922–927 (5th Cir. 2011); United States v. Valverde, 628 F.3d 1159, 1162–1164 (9th Cir. 2010); United States v. Cain, 583 F.3d 408, 414–419 (6th Cir. 2009); United States v. Hatcher, 560 F.3d 222, 226–229 (4th Cir. 2009); United States v. Dixon, 551 F.3d 578, 585 (7th Cir. 2008); United States v. Madera, 528 F.3d 852, 856–859 (11th Cir. 2008). Five circuits, including the Eighth Circuit, held that SORNA's registration requirements applied from the date of SORNA's enactment. Id. (citing United States

4

v. Fuller, 627 F.3d 499, 506 (2d Cir. 2010); United States v. DiTomasso, 621 F.3d 17, 24 (1st Cir. 2010); United States v. Shenandoah, 595 F.3d 151, 163 (3d Cir. 2010); United States v. Hinckley, 550 F.3d 926, 932 (10th Cir. 2008); United States v. May, 535 F.3d 912, 918–919 (8th Cir. 2008)). Reynolds held that SORNA's "registration requirements [did] not apply to pre-Act offenders until the Attorney General so specifie[d]." Id. at 984.

The practical result of the Reynolds ruling is to give standing to defendants to challenge the delegation of SORNA's retroactive application to the Attorney General and to challenge the Attorney General's promulgation of those retroactive rules. The Eighth Circuit, in United States v. May, held that the defendant did not have standing to address the delegation of SORNA to the Attorney General. 535 F.3d at 921. The Reynolds decision abrogated the May decision on the standing issue. Thus, in light of Reynolds, the Defendant's motion to dismiss for improper delegation, for promulgation of the retroactivity rules in violation of the Administrative Procedure Act, and for invalid application of registration rules to the Defendant prior to their effective date must be newly examined.

The May Court also held that SORNA's retroactive application to pre-Act offenders, did not violate the Ex Post Facto clause, did not violate the notice requirements of the Due Process Clause, and did not violate the Commerce Clause. Id. at 920, 921, 922. These holdings remain valid law, unaffected by the Reynolds ruling. Thus, while discussion of these issue is included below, my prior recommendations on these issues remains the same.

### A. NOTICE

Defendant asserts that because he had no notice of SORNA's registration requirement, he had no duty to register. This issue has already been ruled on by the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit's decision in United States v. Baccam forecloses Defendant's claim that neither constitutional due process notice requirements nor statute specific notice requirements were met. 562 F.3d 1197, 1999, 1200 (8th Cir. 2009).

5

The defendant in Baccam, like here, was a pre-Act sex offender. In 1996, Baccam was convicted in California of a crime requiring lifetime registration as a sex offender. Baccam, 527 F.3d at 1197. Baccam signed forms in 1999 and 2003 that enumerated the California registration requirements. In 2005, after being arrested in California for failure to update his registration, Baccam again signed a form acknowledging the California requirement to register. Id. at 1198. In 2007, Baccam moved from California to Arkansas, but failed to register as a sex offender. Id. at 1198. Baccam claimed he was never informed of his duty to register under SORNA. Id. at 1199.

Baccam claimed that the failure to notify him of his specific duty under SORNA violated due process notice requirements as well as SORNA specific notice requirements. The Baccam court held that due process notice requirements were met "when the defendant . . . received notice of state law registration requirements." Id. (applying United States v. May, 535 F.3d 912 (8th Cir. 2008) abrogated on other grounds by United States v. Reynolds, 132 S. Ct. 975 (2012)). As for the SORNA specific notice requirements, the Baccam court held the state court registration forms provided adequate notice even if the state notice did not explain the federal consequences of a failure to register. Id. at 1200.

The defendant here has very similar circumstances to the defendant in Baccam. Here, Defendant signed an Illinois Sex Offender Registration Act Notification Form on May 11, 2006, wherein he acknowledged his duty to register. He later registered in Kansas and Missouri, thereby demonstrating knowledge that he was required to register and keep his registration current.

Based on the above, I find the defendant had notice of the Illinois sex offender registration requirements and received adequate notice of the sex offender registration requirements to satisfy due process and SORNA. Therefore, his motion to dismiss should be denied on that basis.

6

B. EX POST FACTO

Defendant also claims that punishing him for failing to register under SORNA violates the Ex Post Facto Clause of the Constitution. Again, the Eighth Circuit's previous rulings have foreclosed this argument.

In United States v. May, the Court found that the application of SORNA registration requirements to a pre-Act offender was not punishment for a pre-existing crime and did not violate the Ex Post Facto Clause. 535 F.3d at 919-20. In analyzing the issue, the May court first looked at Congressional intent and determined Congress created the SORNA registration requirements as a civil procedure for public safety and not to punish sex offenders. Id. Next the Court considered whether the "statutory scheme is so punitive that it negates Congress's intention to deem the act civil." Id. at 920. The Court found that Section 2250 punishes a sex offender who fails to register when traveling in interstate commerce. Id. The status as a sex offender may be created prior to enactment of SORNA, but punishment only results from traveling in interstate commerce and failing to register after the enactment of SORNA. Id. Thus, prosecuting pre-Act offenders is not punishment for a pre-existing crime and does not violate the ex post facto clause. Id.

Here, Defendant's status as a sex offender came from a pre-Act conviction in 1982, but his conduct that triggered application of Section 2250, traveling in interstate commerce and failing to register, occurred post-Act in 2009. The stipulated facts in this case establish that Defendant both traveled in interstate commerce and failed to update his registration

Based on the above, I find imposing punishment on Defendant does not impose punishment for a pre-existing crime. Therefore, the Ex Post Facto Clause of the Constitution is not violated and the Defendant's motion to dismiss should be denied on that basis.

C. COMMERCE CLAUSE

Defendant maintains that 18 U.S.C. § 2250(a)(2)(B) violates the Commerce Clause because any failure to register is "purely a local act." The Eighth Circuit has previously held 18

7

U.S.C. § 2250 does not violate the Commerce Clause. In May, the Court held that "SORNA contains a sufficient nexus to interstate commerce." 535 F.3d at 922.

Based on the above, I find that 18 U.S.C. § 2250(a)(2)(B) does not a violate the Commerce Clause. Therefore, Defendant's motion to dismiss should be denied on that basis.

   D.  **DELEGATION**

Defendant asserts that Congress improperly delegated its legislative function to the Attorney General in violation of the nondelegation doctrine. The language delegating authority to the Attorney General comes from Title 42 United States Code Section 16913(d) which reads as follows:

> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

42 U.S.C. § 16913(d).

The non-delegation doctrine stems from Article I Section 1 of the United States Constitution, which states, "All legislative powers herein granted shall be vested in a Congress of the United States, which shall consist of a Senate and a House of Representatives." U.S. Const. art. I, § 1. The long-standing guidance on Congressional delegation of authority to other branches of government is that Congress must provide an "intelligible principle" that guides the delegated authority. Mistretta v. United States, 488 U.S. 361, 372 (1989) (citing J.W. Hampton, Jr., & Co. v. United States, 276 U.S. 394, 406 (1928)). It is "sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of this delegated authority." Id. at 372-73.

The delegation to the Attorney General here meets these requirements and is constitutionally sufficient. The clearly delineated general policy requirement was met when

8

Congress stated it created a "comprehensive national system" for sex offender registration "[i]n order to protect the public from sex offenders and offenders against children . . . ." 42 U.S.C. § 16901; United States v. Ambert, 561 F.3d 1202, 1213 (11th Cir. 2009). The Department of Justice is clearly indicated as the applicable agency and thus the second requirement is met. Finally, the authority is clearly bounded. United States v. Felts, 673 F3d 599, 606 (6th Cir. 2012); United States v. Guzman, 591 F.3d 83, 93 (2d Cir. 2010); Ambert, 561 F.3d at 1213.

> Congress defined the crimes which necessitate registration (42 U.S.C. § 16911); where the offender must register (42 U.S.C. § 16913(a)); the time period for registration (42 U.S.C. § 16913(b)); the method of registration (42 U.S.C. § 16913(b),(c)); the nature of information that registrants must provide (42 U.S.C. § 16914(a)(1)-(7)); the elements of the new federal crime (18 U.S.C. § 2250(a)); and the penalty for violation (18 U.S.C. § 2250(a)).

Ambert, 561 F.3d at 1214.

Based on the above, I find that Congress's delegation of authority to the Attorney General in 42 U.S.C § 16913(d) was not a violation of the non-delegation doctrine. Therefore, the Defendant's motion to dismiss should be denied on that basis.

### E. EFFECTIVE DATE OF ACT

Defendant asserts SORNA did not apply to him at the time of his alleged offense. On February 28, 2007, the Attorney General issued an Interim Rule that retroactively applied SORNA registration rules to pre-Act offenders and declared it effective immediately. 72 Fed. Reg. 8894 (codified by 28 C.F.R. § 723 (2007)). On May 30, 2007, the Attorney General issued proposed guidelines (known as SMART Guidelines) to implement SORNA registration rules to pre-Act offenders with an August 1, 2007, deadline to comment on the proposed guidelines. 72 Fed. Reg. 30210. On July 2, 2008, the Attorney General issued final SMART Guidelines that retroactively applied SORNA registration rules to pre-Act offenders and declared it effective immediately. 73 Fed. Reg. 38030. On December 29, 2010, the Attorney General issued a Final Rule, with an effective date of January 28, 2011, that retroactively applied SORNA registration

9

rules to pre-Act offenders. 75 Fed. Reg. 81849 (codified by 28 C.F.R. § 723 (2010)). The significant dates in SORNA rules and Defendant's history are listed below:

| Date | Event | Citation |
|---|---|---|
| June 4, 1982 | Defendant convicted of rape, deviate sexual assault, armed robbery and aggravated battery | |
| July 27, 2006 | SORNA enacted | 42 U.S.C. §§ 16901–16962 18 U.S.C. § 2250 |
| Feb. 28, 2007 | AG Interim Rule | 72 Fed. Reg. 8894 28 C.F.R. § 723 (2007) |
| May 30, 2007 | AG Proposed SMART Guidelines | 72 Fed. Reg. 30210 |
| Jul. 2, 2008 | AG Final SMART Guidelines | 73 Fed. Reg. 38030 |
| Aug. 1, 2008 | Effective Date of Final SMART Guidelines | United States v. Stevenson, 676 F.3d 557, 561 (6th Cir. 2012). |
| Jul. 1, 2009 – Dec. 1, 2009 | Time period within which Defendant is charged for Failure to Register as a Sex Offender | |
| Dec. 29, 2010 | AG Final Rule | 75 Fed. Reg. 81850 |
| Jan. 28, 2011 | Effective date of Final Rule | 75 Fed. Reg. 81850 28 C.F.R. § 723 (2010) |

The Administrative Procedure Act (APA) requires that a proposed rule be published for thirty (30) days prior to its effective date unless the proposing agency finds good cause. 5 U.S.C. § 553. The government and the defendant agree that SORNA's retroactive rules were effective by January 28, 2011—the effective date of the Final Rule. The government argues the SORNA rules were effective upon the promulgation of the Interim Rule on Feb 28, 2007, but, if not, then at the very latest the SORNA rules became retroactive to pre-Act offenders on August 1, 2008—thirty days after the Final SMART Guidelines were published.

I agree that by August 1, 2008 the SORNA rules were retroactive to pre-Act offenders. The Attorney General published the Final SMART Guidelines on July 2, 2008. Thirty days from that is August 1, 2008. This meets the notice and publication requirement of the APA. The

Defendant cites United States v. Springer for the premise that proposed regulations do not carry the force of law. 354 F.3d 772, 776 (8th Cir. 2004). Here, because the Final SMART Guidelines were not proposed regulations but final, Springer does not apply. Since August 1, 2008 is prior to the Defendant's alleged violation of SORNA, it is unnecessary to address Defendant's final point that the Attorney General's promulgation of 28 C.F.R. § 723 (2007) without a thirty-day notice and comment period was invalid. The proper promulgation of the Final SMART Guidelines prior to Defendant's alleged violation makes the SORNA registration requirements applicable during the time of Defendant's alleged violation.

Based on the above, I find that SORNA sex offender registration rules applied at the time of the Defendant's alleged offense. Therefore, the Defendant's motion to dismiss should be denied on that basis.

## V.    CONCLUSION

Because the Defendant had sufficient notice to meet the requirements of due process and SORNA, because application of SORNA to the Defendant does not violate the Ex Post Facto Clause of the Constitution, because SORNA does not violate the Commerce Clause, because SORNA was properly delegated to the Attorney General, and because the rules applying SORNA to the Defendant met the requirements of the APA it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying Defendant's motion to dismiss indictment.

Counsel are advised that pursuant to 28 U.S.C. § 636(b)(1) each has 14 days from the date of receipt of a copy of this report and recommendation to file and serve specific objections.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 9, 2012

11